# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PRISCILLA MOZA,

        Petitioner,               Case Number: 2:06-CV-12507

v.                                        HON. GERALD E. ROSEN

SUSAN DAVIS,

        Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Priscilla Moza is currently a state inmate incarcerated at the Huron Valley Complex in Ypsilanti, Michigan. She has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court denies the petition.

### I. Background

Petitioner pleaded no contest in Wayne County Circuit Court to causing the death of another person while operating a motor vehicle under the influence of intoxicants, pursuant to a sentence agreement of 9 to 15 years. On March 9, 2004, she was sentenced to 9 to 15 years imprisonment.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals presenting the following claim:

> Ms. Moza has to be resentenced because any fact that increases the penalty for a crime beyond the prescribed statutory sentence guideline must be submitted to a jury in accordance with Blakely v. Washington and United States v. Booker.

The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." People v. Moza, No. 261260 (Mich. Ct. App. June 3, 2005).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Moza, No. 129101 (Mich. Oct. 31, 2005).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the same sentencing claim raised in state court.

## II. Standard of Review

Petitioner's claim is reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). This Act "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising the question of effective assistance of counsel, as well as other constitutional claims. *See* Wiggins v. Smith, 539 U.S. 510, 520 (2003).

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998).

Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1); see also Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 410-11.

3

**III. Analysis**

Petitioner claims that she is entitled to habeas corpus relief because the trial court increased her sentence in reliance upon facts not presented at the plea or sentencing hearings in violation of the Sixth Amendment and Fourteenth Amendment. *See* Blakely v. Washington, 543 U.S. 296, 303-05 (2004) (state trial court's action in sentencing defendant beyond the statutory maximum of the standard range for his offense based upon judicial finding of deliberate cruelty violated Sixth Amendment right to trial by jury).

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Michigan has an indeterminate sentencing system for most crimes, including causing the death of another person while operating a motor vehicle under the influence of intoxicants. The maximum term of imprisonment is set by law. Mich. Comp. Laws § 769.8(1); *see also* People v. Drohan, 475 Mich. 140, 160-61 (2006). In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court addressed indeterminate sentencing systems and held that such systems do not violate the Sixth Amendment. The Court explained:

> [The Sixth Amendment] limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does not do so. It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty. Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal right to a lesser sentence-and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned. In a system that says the judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail. In a system that punishes burglary with a 10-year sentence, with another 30 added for use of a gun, the

> burglar who enters a home unarmed is entitled to no more than a 10-year sentence-and by reason of the Sixth Amendment the facts bearing upon that entitlement must be found by a jury.

Blakely, 542 U.S. at 308-09.

Judicial factfinding may not be used to impose a sentence "beyond the prescribed statutory maximum." Apprendi, 530 U.S. at 490. In this case, the statutory maximum for Petitioner's crime is fifteen years. See Mich. Comp. Laws § 257.625(4). The sentencing court did not impose a sentence beyond the statutory maximum. Therefore, the sentencing scheme did not run afoul of the Sixth Amendment. Because Blakely does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's sentence did not violate Petitioner's constitutional rights. *See* Tironi v. Birkett, No. 06-1557, 2007 WL 3226198, * 1 (6th Cir. Oct. 26, 2007). ("Blakely does not apply to Michigan's indeterminate sentencing scheme."). Minner v. Vasbinder, 2007 WL 1469419, * 4 (E.D. Mich. May 21, 2007); Chatman v. Lafler, 2007 WL 1308677, *2 (E.D. Mich. May 3, 2007); Jones v. Bergh, 2006 WL 1007602, *1-2 (E.D. Mich. April 17, 2006); George v. Burt, 2006 WL 156396, *5 (E.D. Mich. Jan. 20, 2006); Walton v. McKee, 2005 WL 1343060, *3 (E.D. Mich. June 1, 2005). Petitioner has thus failed to state a claim upon which habeas relief may be granted.

## IV. Certificate of Appealability

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. Castro v. United States, 310 F.3d 900, 903 (6th Cir. 2002). The Court concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105

5

F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the court's conclusion that the claim presented does not state a claim upon which habeas relief may be warranted. Therefore, the Court denies a certificate of appealability.

## V. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

                                       s/Gerald E. Rosen
                                       **Gerald E. Rosen**
                                       **United States District Judge**

**Dated: January 28, 2008**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on January 28, 2008, by electronic and/or ordinary mail.**

                                    **s/LaShawn R. Saulsberry**
                                    **Case Manager**